# United States Court of Appeals for the Fifth Circuit

---

No. 23-60066
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2023

Lyle W. Cayce
Clerk

Norma Francisca Herrera-Alvarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 718 137

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Norma Francisca Herrera-Alvarez, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge (IJ) ordering her removed and denying her application for asylum and withholding of removal.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

This court reviews the denial of asylum and withholding for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, this court may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). This court considers the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Insofar as Herrera-Alvarez asserts that the BIA did not issue its own opinion, she is wrong.

One seeking asylum must show that officials are unable or unwilling to protect her from persecution on account of a protected ground. *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). One seeking withholding must show that she "more likely than not" will be persecuted due to a protected ground if repatriated. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (internal quotation marks and citation omitted). Because withholding "is a higher standard than asylum," one who fails to show eligibility for the latter necessarily fails to show eligibility for the former. *Id.* Accordingly, Herrera-Alvarez's argument that the BIA did not properly consider her withholding claim is unavailing. *See id.*

Likewise unavailing are her arguments challenging the BIA's conclusion that she failed to show past persecution or a well-founded fear of persecution, as she has not shown that the evidence compels a conclusion contrary to that of the BIA on this issue. *See Zhang*, 432 F.3d at 344*; see also Gjetani v. Barr*, 968 F.3d 393, 395-99 (5th Cir. 2020); *Singh*, 920 F.3d at 259; *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Because persecution is an essential element of a claim for asylum or withholding, there is no need to address Herrera-Alvarez's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam). The petition for review is DENIED.